UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NICOLE O'NEILL,

    Petitioner,                                                Case Number 1:18-12828
                                                          Honorable Thomas L. Ludington

v.

SHAWN BREWER,

    Respondent.
_____/

**<u>ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

Petitioner, Nicole O'Neill, presently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner entered a plea of guilty in the Wayne County Circuit Court of one count of second-degree murder, Mich. Comp. Laws § 750.317. Petitioner was sentenced to twenty to fifty years. She contends that the Wayne County Circuit Court Judge erred in reinstating several criminal charges that had been dismissed by the state District Court Judge at the preliminary examination, and that the trial court erred in imposing court costs and restitution at sentencing. Because Petitioner's claims are non-cognizable on federal habeas review, the petition will be denied.

**I.**

Petitioner and two co-defendants were originally charged with first-degree felony murder, armed robbery, third-degree arson, and larceny in a building. A preliminary examination was conducted in the 36th District Court in Detroit, Michigan. At the conclusion of the preliminary examination, the District Court Judge dismissed the first-degree murder, armed

robbery, and larceny in a building charges against Petitioner, finding that there was insufficient evidence presented to support binding Petitioner over on these charges. Petitioner was bound over to the Wayne County Circuit Court only on a charge of third-degree arson.

The Wayne County Prosecutor filed a Motion to Amend the Information in the Wayne County Circuit Court, seeking to reinstate the three charges that had been dismissed against Petitioner at the preliminary examination. Over Petitioner's objections, the Wayne County Circuit Court Judge reinstated the first-degree murder, armed robbery, and larceny charges, finding that the District Court Judge erred in dismissing these charges because the evidence at the preliminary examination was sufficient to sustain a bindover.

Petitioner filed an interlocutory appeal with the Michigan Court of Appeals, which was denied on October 12, 2016. Petitioner subsequently pled guilty to a reduced charge of second-degree murder, in exchange for dismissal of the other charges. The parties also entered into a *Cobbs* agreement that Petitioner would be sentenced to twenty to fifty years in prison.[1]

Petitioner was ultimately sentenced to twenty to fifty years in prison and was assessed court costs in the amount of $ 1,300.00 and ordered to pay restitution in the amount of $14,417.30. Petitioner's conviction and sentence were affirmed on appeal. *People v. O'Neill,* No. 339959 (Mich. Ct. App. Oct. 11, 2017) (Shapiro, J. would grant leave to appeal); *lv. den.* 501 Mich. 1087, 911 N.W. 2d 728 (2018).

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a Judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty and the Judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. See M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. App'x.701, 703 n.1 (6th Cir. 2007).

Petitioner raises the following issues in her petition:

I. Did the Circuit [Court] err by substituting its judgment for the District Court when it found that there was sufficient evidence to reinstate Petitioner's original charges?

II. Should the assessment of $ 1,300.00 in "court costs" be vacated and remanded to the trial court for determination of whether or not the costs imposed are reasonably related to costs incurred?

III. Was there sufficient support in the record to establish $ 14,417.30 in restitution?

**II.**

After the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that Petitioner is not entitled to relief in the District Court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that Petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir.1970) (District Court has the duty to "screen out" petitions that lack merit on their face).

**III.**

**A.**

Petitioner first claims that the Wayne County Circuit Court Judge erred in reinstating the first-degree murder, armed robbery, and larceny charges after these charges had been dismissed at the preliminary examination. She argues that there was insufficient evidence to support binding her over to the Circuit Court on these charges and the Circuit Court Judge erred in substituting his judgment for the District Court Judge.

Petitioner has failed to state a claim upon which habeas relief can be granted. A prior judicial hearing is not a constitutional prerequisite to prosecution by information. *Gerstein v.*

*Pugh*, 420 U.S. 103, 119 (1975). Petitioner's claim that there was insufficient evidence presented at her preliminary examination to bind her over for trial on these charges only raises a matter of state law and procedure that cannot form a basis for federal habeas relief. *See Tegeler v. Renico,* 253 F. App'x. 521, 525–26 (6th Cir. 2007). Likewise, Petitioner's claim that the Circuit Court Judge erred in reinstating the original charges after they had been dismissed at the preliminary examination does not afford Petitioner a basis for habeas relief. *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 863 (E.D. Mich. 2009).

**B.**

In her second claim, Petitioner alleges that the Circuit Court Judge erred in imposing court costs in this case. In her related third claim, Petitioner argues that there was no basis for the sentencing court to impose the amount of restitution that was assessed in this case.

Petitioner cannot challenge the imposition of fines and costs by the sentencing court in a petition for writ of habeas corpus. Where a habeas Petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he or she may not bring a petition for writ of habeas corpus. *See United States v. Watroba*, 56 F. 3d 28, 29 (6th Cir. 1995); *See also U.S. v. Mays,* 67 F. App'x. 868, 869 (6th Cir. 2003) (District Court lacked subject matter jurisdiction over defendant's § 2255 post-judgment motion to reduce or rescind fine levied in criminal judgment).

Likewise, continuing liability under a restitution order is akin to a fine-only conviction and is not a sufficient enough restraint on her liberty to warrant habeas relief. *Barnickel v. United States*, 113 F. 3d 704, 706 (7th Cir. 1997); *see also Flores v. Hickman,* 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008) (finding that imposition of restitution order as part of California state

sentence could not be challenged under habeas statute because restitution did not affect duration of habeas Petitioner's state custody).

## IV.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a District Court rejects a habeas Petitioner's constitutional claims on the merits, Petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted. Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

## V.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DISMISSED with prejudice**.

It is further **ORDERED** that a certificate of appealability and leave to appeal in forma pauperis are **DENIED.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: December 10, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 10, 2018.

        s/Kelly Winslow  
        KELLY WINSLOW, Case Manager